IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ULYSSES BENJAMEN GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV 323-089 |
| | ) |
| WELLPATH; DR. AYEDUN; UNIT MANAGER MS. SAILEM; WARDEN BRIAN CHAMBERS; UNIT MANAGER MS. BRAGGS; COACH THOMAS; COACH BROOKENS; PHYSICAL THERAPY STAFF, JOHNSON STATE PRISON; DR. MACK; THERAPIST MR. JOHNSON; and UNIT MANAGER MOSS, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed this case pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE COMPLAINT**

    **A.     BACKGROUND**

In his complaint, Plaintiff names as Defendants:  (1) Wellpath, (2) Dr. Ayedun, (3) Ms. Sailem, (4) Warden Brian Chambers, (5) Ms. Braggs, (6) Coach Thomas, (7) Coach Brookens,

(8) Physical Therapy Staff at Johnson State Prison, (9) Dr. Mack, (10) Therapist Mr. Johnson, and (11) Unit Manager Moss. (Doc. no. 1, pp. 1, 4.)

Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. In October 2022, Plaintiff began medical treatment for his right hip. (Id. at 5.) Plaintiff received two different X-rays, and both came back negative, but likely did not show "the problems" with his hip. (Id.) Plaintiff had an MRI scheduled and it never happened, but he needs an MRI to "properly access [his] medical issues." (Id.) Plaintiff went through physical therapy, was given Tylenol, and was later told by unspecified individuals in medical that he should not be taking Tylenol because of a certain unnamed medical condition. (Id.) Defendant Dr. Ayedun originally prescribed him Tylenol. (Id.) Dr. Ayedun also told Plaintiff he would "have to be dying to receive help for [his] hip." (Id.) Plaintiff has had hip pain for over a year. (Id.)

At an unidentified point, Plaintiff filed two grievances and an ADA application about unspecified issues related to his hip. (Id.) Plaintiff never received an answer, which is why he is filing the instant suit. (Id. at 4.) For relief, Plaintiff requests proper medical treatment. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

3

> **2. Plaintiff Fails to State a Claim Against Defendants Wellpath, Ms. Sailem, Warden Brian Chambers, Ms. Braggs, Coach Thomas, Coach Brookens, Physical Therapy Staff, Dr. Mack, Therapist Mr. Johnson, and Unit Manager Moss**

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants Wellpath, Ms. Sailem, Warden Brian Chambers, Ms. Braggs, Coach Thomas, Coach Brookens, Physical Therapy Staff, Dr. Mack, Therapist Mr. Johnson, and Unit Manager Moss in the caption of his complaint, he never once mentions them anywhere in the statement of his claim and does not make allegations associating any of these Defendants with any purported constitutional violations. (See generally doc. no. 1.) Dismissal of Defendants Wellpath, Ms. Sailem, Warden Brian Chambers, Ms. Braggs, Coach Thomas, Coach Brookens, Physical Therapy Staff, Dr. Mack, Therapist Mr. Johnson, and Unit Manager Moss is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

> **3. Plaintiff Fails to State a Deliberate Medical Indifference Claim Against Defendant Dr. Ayedun**

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is

4

so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905,

910 (11th Cir. 2010). Furthermore, the Court should not second-guess medical judgments. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

To the extent Plaintiff may be attempting to bring a medical deliberate indifference claim against Dr. Ayedun, he fails. Plaintiff asserts Dr. Ayedun prescribed him Tylenol for his hip pain and was later told by unspecified individuals in medical that he should not be taking Tylenol because of an unnamed medical condition. (See generally doc. no. 1.) Plaintiff offers no description of the alleged medical condition, nor does he assert he sustained any injuries from taking Tylenol. (Id.) Dr. Ayedun's decision to prescribe Plaintiff Tylenol because of the hip pain, despite another potential medical condition, cannot constitute more than mere negligence in this circumstance.

Moreover, to the extent that Plaintiff is unhappy with Dr. Ayedun or other medical personnel at Johnson State Prison due to treatment received, Plaintiff does not discern whether the demanded treatment for his hip was necessary and so obvious that even a layperson would easily recognize the need for the requested care. Plaintiff also does not allege Dy. Ayedun or medical denied him medical care altogether, as he admits he started medical treatment in October 2022, had several X-rays, and was prescribed medication. (Id.) For these reasons, Plaintiff fails to state a medical deliberate indifference claim against Defendant Dr. Ayedun.

II.  **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of December, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA